59 F.3d 175
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Donn Michael LONDRE, Petitioner-Appellant
v.
William A. MERKLE, et al., Respondents-Appellees.
 No. 94-15108.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Jan. 13, 1995.
Decided June 28, 1995.
 
 Before: ALDISERT,* CHOY, and SCHROEDER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Donn Michael Londre appeals the district court's denial of his petition for a writ of habeas corpus. Londre contends that his state court conviction for possession of stolen property is invalid because the court admitted a statement he made to police officers in violation of his Miranda rights.
 
 
 3
 On November 14, 1987, early Saturday morning, Police Officer Kinney and Sergeant Ploof were on pheasant patrol in West Sacramento. They were checking pheasant hunters for trespassing and hunting license violations. As they drove through an industrial area, Kinney noticed a lone vehicle containing two passengers. The officers pulled up to the car and walked over to it. Kinney asked the driver and the passenger, Londre, what they were doing in the area. The driver responded that they were waiting for their boss. Both officers recognized Londre from "prior contact."[1] Kinney asked the two men whether there were any outstanding warrants for their arrest. When both replied in the affirmative, Kinney asked the men to step out of the car and to produce identification. Londre identified himself but claimed that his wallet has been stolen.
 
 
 4
 Kinney verified that there was an outstanding parole violation warrant for Londre's arrest and took Londre into custody. As part of the booking process, Kinney asked Londre to empty his pockets. Londre took out a brown wallet, a driver's license and a Wells Fargo Express bank card. Noticing that the driver's license and bank card were issued to a female named Heidi Teachout, Kinney asked Londre why he had those items. Londre responded that they belonged to his "lady" and that she knew he had them.
 
 
 5
 Kinney radioed for another officer to transport Londre to the county jail because he and Sergeant Ploof were driving a vehicle that was not equipped to transport suspects. Officer Donald Cox arrived to transport Londre. After Kinney gave Cox the items he had collected from Londre, Cox also inquired about Teachout's driver's license and bank card. On the way to the jail, Cox called dispatch and asked them to contact Teachout to find out if the seized items belonged to her and whether Londre had them with her permission. Dispatch informed Cox that Teachout had reported her vehicle stolen, that her license and bank card were in the vehicle at the time of the theft, and that Teachout did not know Londre. Accordingly, Cox placed Londre under arrest for possession of stolen property.
 
 
 6
 Before his trial in California state court on the charge of possessing stolen property, Londre moved to suppress his response to Kinney's question "Why do you have these?" The trial court denied the motion, finding the question did not constitute interrogation. When Londre renewed his suppression motion at trial, the court held a voir dire examination and again denied Londre's motion to suppress.
 
 
 7
 The California Court of Appeal affirmed Londre's conviction, People v. Londre, 3 Crim. C004258 (Sept. 27, 1989) (unpublished), and the California Supreme Court denied his petition for hearing.
 
 
 8
 Londre's habeas petition was referred to a magistrate judge for findings and recommendations. The magistrate applied de novo review to the trial court's findings and recommended that the writ issue. Finding that the magistrate had applied an incorrect standard of review, the district court remanded Londre's petition for reconsideration in light of the presumption of correctness that is accorded to state court findings of fact in the habeas context pursuant to 28 U.S.C. Sec. 2254(d). The magistrate again recommended that the writ issue, having concluded that Londre was interrogated.
 
 
 9
 The district court declined to follow the magistrate's recommendation and denied the writ. The district court held that (1) whether Londre was interrogated was a question of fact and the state court's finding on the issue must therefore be accorded the presumption of correctness under 28 U.S.C. Sec. 2254(d); and (2) the presumption of correctness was not overcome. Londre appeals both of these holdings.[2]
 
 
 10
 Londre first contends that whether a person is subjected to a custodial interrogation is a mixed question of law and fact and that the district court therefore erred in according a presumption of correctness to the state court's finding of no interrogation. Merkle counters that, as the district court held, determining the existence of interrogation is a factual inquiry which mandates deferential review.
 
 
 11
 In this circuit, following Rhode Island v. Innis, 446 U.S. 291, 300-02 (1980), we have held that "interrogation" under Miranda includes words or actions by the police that the police knew or should have known, were reasonably likely to elicit an incriminating response. See, e.g., United States v. Moreno-Flores, 33 F.3d 1164, 1169 (9th Cir. 1994); United States v. Booth, 669 F.2d 1231 (9th Cir. 1981).
 
 
 12
 The principal bone of contention in this case was whether the police had reason to suspect that the items were stolen prior to asking the question that elicited an incriminating response. That issue involves problems of credibility that are best resolved by a trier-of-fact.
 
 
 13
 We will therefore presume correct the state court finding that Londre was not interrogated unless we conclude that this finding "is not fairly supported by the record." 28 U.S.C. Sec. 2254(d)(8). See Sumner v. Mata, 455 U.S. 591, 598 (1982) (per curiam).
 
 
 14
 Here, the trial judge determined on the basis of a motion in limine and a voir dire examination of Kinney that Kinney should not have known that the question "Why do you have these?" was reasonably likely to elicit an incriminating response. Judge Stevens concluded:
 
 
 15
 [I]t's clear to me that his questions were not interrogative in nature. He saw something unusual. He asked a spontaneous question, not for the specific purpose of eliciting an incriminating response, nor could he reasonably expect that the response would be incriminating.
 
 
 16
 Reporter's Transcript of Proceedings ("RT") at 94 (Feb. 2, 1988).
 
 
 17
 The record "fairly supports" the finding of no interrogation. Kinney testified without contradiction that he spontaneously asked Londre why he had the items because he thought it was unusual for a male to have a female's driver's license and bank card in his possession. Kinney further unequivocally testified that he had no knowledge of any offense involving Heidi Teachout, nor did he suspect that the cards were stolen, at the time he asked the question. The trial judge believed this testimony, and we must accord "special deference" to the state court's credibility findings. Tinsley v. Borg, 895 F.2d 520, 526 (9th Cir. 1990). That Kinney did not seek to contact Teachout to verify whether Londre was telling the truth supports Kinney's assertion that he did not suspect the items were stolen at the time he asked Londre about them.
 
 
 18
 It is significant that the question Kinney asked bore no relation to the charge for which Londre was in custody. "The relationship of the question asked to the crime suspected is highly relevant." United States v. Mata-Abundiz, 717 F.2d 1277, 1280 (9th Cir. 1983). Kinney was arresting Londre on a parole violation warrant; possessing someone else's property is completely unrelated to that crime. As the district court aptly explained:
 
 
 19
 When the purportedly innocuous question has some direct relationship to a crime under investigation then the officer generally knows that the question is "reasonably likely to elicit an incriminating response." The absence of a link between the question and the reason for the arrest distinguishes the circumstances here from many of the cases in which the questioning is characterized as interrogation.
 
 
 20
 Londre v. Merkle, No. 90-0367, slip op. at 9 (E.D. Cal. July 1, 1993) (citations omitted).
 
 
 21
 AFFIRMED.
 
 
 
 *
 The Honorable Ruggero J. Aldisert, Senior United States Circuit Judge for the Third Circuit, sitting by designation
 
 
 **
 This deposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 Londre previously served time in Yolo County prison, where Officer Kinney was a custodial officer
 
 
 [2]
 It is undisputed that Londre was in custody and that Miranda warnings had not been given prior to Kinney's inquiry